UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MESA INDUSTRIES, INC., | Case 1:22-cv-00160 |
| Plaintiff, | Judge Douglas R. Cole |
| vs. | **DEFENDANTS' ANSWER TO VERIFIED COMPLAINT OF MESA INDUSTRIES, INC.** |
| CHARTER INDUSTRIAL SUPPLY, INC., et al., | |
| Defendants. | |

Defendants Charter Industrial Supply, Inc. ("Charter"), Alejandro Espinoza ("Espinoza"), and Kyle King ("King") (collectively "Defendants") hereby answer the Verified Complaint of Plaintiff Mesa Industries, Inc. ("Plaintiff" or "Mesa").

<u>INTRODUCTION</u>

1.      Answering Paragraph 1 of the Complaint, Defendants admit the Complaint requests injunctive relief, including an immediate temporary restraining order, but Defendants deny that Plaintiff has any protectable trade secrets as alleged and that Plaintiffs' trade secrets (if any) were misappropriated by Defendant Espinoza and provided to Charter.

2.      Answering Paragraph 2 of the Complaint, Defendants admit the Complaint makes claims related to the Non-Compete and Non-Disclosure Agreement dated February 27, 2012 and the Nondisclosure Agreement dated-December 31, 2013 between Defendant Espinoza and Plaintiff, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of what Plaintiff seeks and, on that basis, deny those allegations.

3.      Answering Paragraph 3 of the Complaint, Defendants admit the Complaint alleges

the claims stated.

4.      Answering Paragraph 4 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of why and what basis Plaintiff brought this lawsuit and, on that basis, deny those allegations. Defendants deny each and every remaining allegation contained therein.

<u>THE PARTIES JURISDICTION AND VENUE</u>

5.      Answering Paragraph 5 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

6.      Answering Paragraph 6 of the Complaint, Espinoza admits the allegations contained therein.

7.      Answering Paragraph 7 of the Complaint, King admits the allegations contained therein.

8.      Answering Paragraph 8 of the Complaint, Charter admits it is a California corporation. Charter denies each and every remaining allegation contained therein.

9.      Answering Paragraph 9 of the Complaint, Defendants does not contest that the Court has subject matter jurisdiction in this case.

10.     Answering Paragraph 10 of the Complaint, Defendants deny the allegations contained therein.

11.     Answering Paragraph 11 of the Complaint, Defendants deny the allegations contained therein.

<u>ALLEGATIONS COMMON TO ALL COUNTS</u>

12.     Answering Paragraph 12 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, deny each and every allegation contained therein.

13. Answering Paragraph 13 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

14. Answering Paragraph 14 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

15. Answering Paragraph 15 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

16. Answering Paragraph 16 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

17. Answering Paragraph 17 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

18. Answering Paragraph 18 of the Complaint, as phrased, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

19. Answering Paragraph 19 of the Complaint, as phrased, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

20. Answering Paragraph 20 of the Complaint, as phrased, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained

therein and, on that basis, deny each and every allegation contained therein.

21.     Answering Paragraph 21 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

22.     Answering Paragraph 22 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

23.     Answering Paragraph 23 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

24.     Answering Paragraph 24 of the Complaint, Defendants deny that (1) Plaintiff has taken reasonable steps to maintain the secrecy of its so-called "Application Drawings," (2) the "Application Drawings" are not publicly available, (3) the "Application Drawings" are maintained by Plaintiff in confidentiality, with limited access granted only to employees who have a job related need to access the "Application Drawings," and (4) the Application Drawings have independent economic value by virtue of the fact that the information included in them is not generally known to the industry.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remining allegations contained therein and, on that basis, deny each and every remaining allegation contained therein.

25.     Answering Paragraph 25 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

26.     Answering Paragraph 26 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, deny each and every allegation contained therein.

27.     Answering Paragraph 27 of the Complaint, Espinoza admits the allegation contained therein.

28.     Answering Paragraph 28 of the Complaint, Espinoza admits the allegation contained therein.

29.     Answering Paragraph 29 of the Complaint, Espinoza admits the allegation contained therein.

30.     Answering Paragraph 30 of the Complaint, Espinoza admits that the Complaint attaches a copy of the NC/ND Agreement, which speaks for itself.

31.     Answering Paragraph 31 of the Complaint, Espinoza admits that the Complaint attaches a copy of the NC/ND Agreement, which speaks for itself.

32.     Answering Paragraph 32 of the Complaint, Espinoza is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

33.     Answering Paragraph 33 of the Complaint, Espinoza admits the allegation contained therein.

34.     Answering Paragraph 34 of the Complaint, Espinoza admits that the Complaint attaches a copy of the NDA, which speaks for itself.

35.     Answering Paragraph 35 of the Complaint, Espinoza admits that the Complaint attaches a copy of the NDA, which speaks for itself.

36.     Answering Paragraph 36 of the Complaint, Espinoza admits that the Complaint attaches a copy of the NDA, which speaks for itself.

37.     Answering Paragraph 37 of the Complaint, Espinoza admits that the Complaint attaches a copy of the NDA, which speaks for itself.

38.     Answering Paragraph 38 of the Complaint, Espinoza admits the allegations contained therein.

39.     Answering Paragraph 39 of the Complaint, Espinoza admits that he resigned from his employment with Plaintiff.

40.     Answering Paragraph 40 of the Complaint, Espinoza admits that he works for Charter and that he eventually relocated to California, where Charter is headquartered. Defendants admit that Charter is a direct competitor of Plaintiff.

41.     Answering Paragraph 41 of the Complaint, Espinoza is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

42.     Answering Paragraph 42 of the Complaint, Defendants admit that Plaintiff sent letters to Espinoza and Charter, which speak for themselves. Defendants deny each and every remaining allegation contained therein.

43.     Answering Paragraph 43 of the Complaint, Espinoza admits that he responded to Plaintiff's letter, which speak for itself. Espinoza denies each and every remaining allegation contained therein.

44.     Answering Paragraph 44 of the Complaint, Espinoza denies the allegations contained therein.

45.     Answering Paragraph 45 of the Complaint, Espinoza denies the allegations contained therein.

46.     Answering Paragraph 46 of the Complaint, Espinoza is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, including and without limitation because the allegation of "drawings and assistance" is vague and ambiguous, and, on that basis, denies each and every allegation contained therein.

47. Answering Paragraph 47 of the Complaint, King admits the allegations contained therein.

48. Answering Paragraph 48 of the Complaint, King is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies each and every allegation contained therein.

49. Answering Paragraph 49 of the Complaint, King admits he worked for Plaintiff. King is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

50. Answering Paragraph 50 of the Complaint, King admits the allegations contained therein.

51. Answering Paragraph 51 of the Complaint, King admits the allegations contained therein.

52. Answering Paragraph 52 of the Complaint, King denies the allegations contained therein.

53. Answering Paragraph 53 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

54. Answering Paragraph 54 of the Complaint, Charter admits the allegations contained therein.

55. Answering Paragraph 55 of the Complaint, Charter denies the allegations contained therein.

56. Answering Paragraph 56 of the Complaint, Charter denies the allegations contained therein.

57. Answering Paragraph 57 of the Complaint, Charter admits it engaged and paid

Robinson as a third party. Charter denies each and every remaining allegation contained therein.

58.     Answering Paragraph 58 of the Complaint, Charter admits it hired former employees of Plaintiff. Charter denies each and every remaining allegation contained therein.

59.     Answering Paragraph 59 of the Complaint, Defendants deny the allegations contained therein.

60.     Answering Paragraph 60 of the Complaint, Defendants deny the allegations contained therein.

61.     Answering Paragraph 61 of the Complaint, Charter admits Dominguez formerly worked for Charter. Charter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies them.

62.     Answering Paragraph 62 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

63.     Answering Paragraph 63 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

64.     Answering Paragraph 64 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

65.     Answering Paragraph 65 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

66.     Answering Paragraph 66 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on

that basis, deny each and every allegation contained therein.

67.     Answering Paragraph 67 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

68.     Answering Paragraph 68 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

69.     Answering Paragraph 69 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

70.     Answering Paragraph 70 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny each and every allegation contained therein.

<u>COUNT I</u>

71.     Answering Paragraph 70 of the Complaint, Defendants incorporate by reference paragraphs 1-70 of this Answer.

72.     Espinoza is unable to respond to Paragraph 72 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 72 of the Complaint, Espinoza denies the allegations contained therein.

73.     Espinoza is unable to respond to Paragraph 73 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 73 of the Complaint, Espinoza admits that the Complaint attaches a copy of the NDA, which speaks for itself.

74.     Espinoza is unable to respond to Paragraph 74 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 74 of the Complaint, Espinoza denies the allegations

contained therein.

75.     Espinoza is unable to respond to Paragraph 75 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 75 of the Complaint, Espinoza denies the allegations contained therein.

76.     Espinoza is unable to respond to Paragraph 76 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 76 of the Complaint, Espinoza denies the allegations contained therein.

77.     Espinoza is unable to respond to Paragraph 77 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 77 of the Complaint, Espinoza denies the allegations contained therein.

78.     Espinoza is unable to respond to Paragraph 78 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 78 of the Complaint, Espinoza denies the allegations contained therein.

79.     Espinoza is unable to respond to Paragraph 79 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 79 of the Complaint, Espinoza denies the allegations contained therein.

80.     Espinoza is unable to respond to Paragraph 80 of the Complaint (including Plaintiff's request for injunctive relief) to the extent it calls for a legal conclusion. Answering Paragraph 80 (including Plaintiff's request for injunctive relief) of the Complaint, Espinoza denies the allegations contained therein.

<u>COUNT II</u>

81.     Answering Paragraph 81 of the Complaint, Defendants incorporate by reference paragraphs 1-80 of this Answer.

82.     Espinoza is unable to respond to Paragraph 82 of the Complaint to the extent it calls

for a legal conclusion. Answering Paragraph 82 of the Complaint, Espinoza denies the allegations contained therein.

83.     Espinoza is unable to respond to Paragraph 83 of the Complaint (including Plaintiff's request for judgment) to the extent it calls for a legal conclusion. Answering Paragraph 83 of the Complaint (including Plaintiff's request for judgment), Espinoza denies the allegations contained therein.

## COUNT III

84.     Answering Paragraphs 84 to Paragraph 90 of the Complaint (including Plaintiff's request for judgment), no answer is required because this claim has been dismissed.

## COUNT IV

85.     Answering Paragraphs 91 to Paragraph 96 of the Complaint (including Plaintiff's request for judgment), no answer is required because this claim has been dismissed.

## COUNT V

86.     Answering Paragraph 97 of the Complaint, Defendants incorporate by reference paragraphs 1-85 of this Answer.

87.     Defendants are unable to respond to Paragraph 98 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 98 of the Complaint, Defendants deny the allegations contained therein.

88.     Defendants are unable to respond to Paragraph 99 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 99 of the Complaint, Defendants deny the allegations contained therein.

89.     Defendants are unable to respond to Paragraph 100 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 100 of the Complaint, Defendants deny the allegations contained therein.

90.     Defendants are unable to respond to Paragraph 101 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 101 of the Complaint, Defendants deny the allegations contained therein.

91.     Defendants are unable to respond to Paragraph 102 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 102 of the Complaint, Defendants deny the allegations contained therein.

92.     Defendants are unable to respond to Paragraph 103 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 103 of the Complaint, Defendants deny the allegations contained therein.

93.     Defendants are unable to respond to Paragraph 104 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 104 of the Complaint, Defendants deny the allegations contained therein.

94.     Defendants are unable to respond to Paragraph 105 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 105 of the Complaint, Defendants deny the allegations contained therein.

95.     Defendants are unable to respond to Paragraph 106 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 106 of the Complaint, Defendants deny the allegations contained therein.

96.     Defendants are unable to respond to Paragraph 107 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 107 of the Complaint, Defendants deny the allegations contained therein.

97.     Defendants are unable to respond to Paragraph 108 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 108 of the Complaint, Defendants deny the allegations contained therein.

98. Charter is unable to respond to Paragraph 109 of the Complaint (including Plaintiff's request for judgment) to the extent it calls for a legal conclusion. Answering Paragraph 109 (including Plaintiff's request for judgment) of the Complaint, Defendants deny the allegations contained therein.

<u>COUNT VI</u>

99. Answering Paragraph 110 of the Complaint, Defendants incorporate by reference paragraphs 1-98 of this Answer.

100. Defendants are unable to respond to Paragraph 111 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 111 of the Complaint, Defendants deny the allegations contained therein.

101. Defendants are unable to respond to Paragraph 112 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 112 of the Complaint, Defendants deny the allegations contained therein.

102. Defendants are unable to respond to Paragraph 113 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 113 of the Complaint, Defendants deny the allegations contained therein.

103. Defendants are unable to respond to Paragraph 114 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 114 of the Complaint, Defendants deny the allegations contained therein.

104. Defendants are unable to respond to Paragraph 115 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 115 of the Complaint, Defendants deny the allegations contained therein.

105. Defendants are unable to respond to Paragraph 116 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 116 of the Complaint, Defendants deny the

allegations contained therein.

106.     Defendants are unable to respond to Paragraph 117 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 117 of the Complaint, Defendants deny the allegations contained therein.

107.     Defendants are unable to respond to Paragraph 118 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 118 of the Complaint, Defendants deny the allegations contained therein.

108.     Defendants are unable to respond to Paragraph 119 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 119 of the Complaint, Defendants deny the allegations contained therein.

109.     Defendants are unable to respond to Paragraph 120 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 120 of the Complaint, Defendants deny the allegations contained therein.

110.     Charter is unable to respond to Paragraph 121 of the Complaint (including Plaintiff's request for judgment) to the extent it calls for a legal conclusion. Answering Paragraph 121 (including Plaintiff's request for judgment) of the Complaint, Defendants deny the allegations contained therein.

<u>COUNT VII</u>

111.     Answering Paragraph 122 of the Complaint, Defendants incorporate by reference paragraphs 1-110 of this Answer.

112.     Defendants are unable to respond to Paragraph 123 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 123 of the Complaint, Defendants deny the allegations contained therein.

113.     Defendants are unable to respond to Paragraph 124 of the Complaint to the extent

it calls for a legal conclusion. Answering Paragraph 124 of the Complaint, Defendants deny the allegations contained therein.

114.    Defendants are unable to respond to Paragraph 125 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 125 of the Complaint, Defendants deny the allegations contained therein.

115.    Defendants are unable to respond to Paragraph 126 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 126 of the Complaint, Defendants deny the allegations contained therein.

116.    Defendants are unable to respond to Paragraph 127 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 127 of the Complaint, Defendants deny the allegations contained therein.

117.    Defendants are unable to respond to Paragraph 128 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 128 of the Complaint, Defendants deny the allegations contained therein.

118.    Defendants are unable to respond to Paragraph 129 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 129 of the Complaint, Defendants deny the allegations contained therein.

119.    Defendants are unable to respond to Paragraph 130 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 130 of the Complaint, Defendants deny the allegations contained therein.

120.    Defendants are unable to respond to Paragraph 131 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 131 of the Complaint, Defendants deny the allegations contained therein.

121.    Defendants are unable to respond to Paragraph 132 of the Complaint to the extent

it calls for a legal conclusion. Answering Paragraph 132 of the Complaint, Defendants deny the allegations contained therein.

122.    Defendants are unable to respond to Paragraph 133 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 133 of the Complaint, Defendants deny the allegations contained therein.

123.    Charter is unable to respond to Paragraph 134 of the Complaint (including Plaintiff's request for judgment) to the extent it calls for a legal conclusion. Answering Paragraph 134 (including Plaintiff's request for judgment) of the Complaint, Defendants deny the allegations contained therein.

COUNT VIII

124.    Answering Paragraph 135 of the Complaint, Defendants incorporate by reference paragraphs 1-123 of this Answer.

125.    Defendants are unable to respond to Paragraph 136 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 136 of the Complaint, Defendants deny the allegations contained therein.

126.    Defendants are unable to respond to Paragraph 137 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 137 of the Complaint, Defendants deny the allegations contained therein.

127.    Defendants are unable to respond to Paragraph 138 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 138 of the Complaint, Defendants deny the allegations contained therein.

128.    Defendants are unable to respond to Paragraph 139 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 139 of the Complaint, Defendants deny the allegations contained therein.

129.    Defendants are unable to respond to Paragraph 140 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 140 of the Complaint, Defendants deny the allegations contained therein.

130.    Defendants are unable to respond to Paragraph 141 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 141 of the Complaint, Defendants deny the allegations contained therein.

131.    Defendants are unable to respond to Paragraph 142 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 142 of the Complaint, Defendants deny the allegations contained therein.

132.    Defendants are unable to respond to Paragraph 143 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 143 of the Complaint, Defendants deny the allegations contained therein.

133.    Defendants are unable to respond to Paragraph 144 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 144 of the Complaint, Defendants deny the allegations contained therein.

134.    Defendants are unable to respond to Paragraph 145 of the Complaint to the extent it calls for a legal conclusion. Answering Paragraph 145 of the Complaint, Defendants deny the allegations contained therein.

135.    Charter is unable to respond to Paragraph 146 of the Complaint (including Plaintiff's request for judgment) to the extent it calls for a legal conclusion. Answering Paragraph 146 (including Plaintiff's request for judgment) of the Complaint, Defendants deny the allegations contained therein.

136.    Each Defendant denies every matter except those that have been expressly admitted.

-17-

## FIRST DEFENSE

### (Failure to State a Claim)

137.    Defendants are informed and believe, and on that basis state and allege, that the Complaint fails to state a claim upon which relief may be granted against Defendants.

## SECOND DEFENSE

### (Lack of Personal Jurisdiction/Venue)

138.    Defendants are informed and believe, and on that basis state and allege, that the Court lacks personal jurisdiction over Defendants and venue is improper.

## THIRD DEFENSE

### (Absence of Action or Omission)

139.    Defendants are informed and believe, and on that basis state and allege, that no action or omission on Defendants' part, or on the part of any persons or entities for whose acts or omissions Defendants may be legally responsible, actually, or proximately caused or contributed in any manner or in any degree to the loss or damage for which recovery is sought by Plaintiff.

## FOURTH DEFENSE

### (Superseding/Intervening Cause)

140.    Defendants are informed and believe, and on that basis state and allege, that the harm Plaintiff allegedly suffered, if any, was caused by superseding and/or intervening, factors, events, persons, or entities other than Defendants and because no act or omission of Defendants was the proximate cause of any injury or damages.

## FIFTH DEFENSE

### (Acts of Others)

141.    Defendants are informed and believe, and on that basis state and allege, that the happenings, events, or occurrences alleged in the Complaint and the injuries and damages, if any,

sustained as a result thereof, were caused directly by the breach, negligence, fraudulent conduct, omissions, fault, or recklessness of persons other than Defendants, and therefore Plaintiff is not entitled to any relief whatsoever from Defendants.

## SIXTH DEFENSE

### (Acts of Plaintiff)

142.    Defendants are informed and believe, and on that basis state and allege, that the harm Plaintiff allegedly suffered, if any, was caused by the fraudulent, intentional, wrongful, and/or negligent conduct of Plaintiff.

## SEVENTH DEFENSE

### (Lack of Causation)

143.    Defendants are informed and believe, and on that basis state and allege, that there is no cause or connection between any conduct of Defendants, or on the part of any of the agents, representatives, and/or employees of Defendants, and any alleged loss or damage which Plaintiff alleges Plaintiff has sustained. Accordingly, Plaintiff is barred from any recovery in this action.

## EIGHTH DEFENSE

### (Unclean Hands)

144.    Defendants are informed and believe, and on that basis state and allege, that Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## NINTH DEFENSE

### (In Pari Delicto)

145.    Defendants are informed and believe, and on that basis state and allege, that Plaintiff's claims are barred in whole or in part by the doctrine of in pari delicto because, to the extent any wrongdoing occurred, Plaintiff participated in the alleged wrongdoing and therefore cannot recover damages for any such wrongdoing.

## TENTH DEFENSE

### (Estoppel)

146.　　Defendants are informed and believe, and on that basis state and allege, that Plaintiff, by reason of its independent actions or omissions to act, is estopped from seeking and obtaining recovery of damages from Defendants on each and every claim in the Complaint.

## ELEVENTH DEFENSE

### (Waiver/Release)

147.　　Defendants are informed and believe, and on that basis state and allege, that Plaintiff, by reason of its independent actions or omissions to act, has waived and/or released its right, if any, to pursue the claims alleged against Defendants in the Complaint.

## TWELFTH DEFENSE

### (Consent)

148.　　Defendants are informed and believe, and on that basis state and allege, that Plaintiff's claims are barred in whole or in part because it consented to the conduct.

## THIRTEENTH DEFENSE

### (Ratification)

149.　　Defendants are informed and believe, and on that basis state and allege, that Plaintiff's claims are barred in whole or in part by the doctrine of ratification.

## FOURTEENTH DEFENSE

### (Justification)

150.　　Defendants are informed and believe, and on that basis state and allege, that Plaintiff's claims are barred in whole or in part because Defendants' actions were justified.

## FIFTEENTH DEFENSE

### (Fair Competition)

151.    Defendants are informed and believe, and on that basis state and allege, that Plaintiff's claims are barred because Defendants were engaged in fair competition.

## SIXTEENTH DEFENSE

### (Privilege)

152.    Defendants are informed and believe, and on that basis state and allege, that Plaintiff's claims are barred because Defendants actions were privileged.

## SEVENTEENTH DEFENSE

### (Lawful Motive)

153.    Any actions taken by Defendants or Defendants' agents regarding Plaintiff were primarily motivated by lawful motives, and, therefore, are not actionable.

## EIGHTEENTH DEFENSE

### (Excuse)

154.    Defendants are informed and believe, and on that basis state and allege, any duty of performance by Defendants in connection with the claims is excused by reason of a failure of consideration, prior breach, breach of condition precedent, prevention by Plaintiff, frustration of purpose, waiver by Plaintiff, and/or acceptance by Plaintiff.

## NINETEENTH DEFENSE

### (Lack of Damages)

155.    Defendants are informed and believe, and on that basis state and allege, that Plaintiff has not incurred any compensatory, general, or special damages as a result of the allegations in the Complaint, and, to the extent any exist, said damages were not the result of or caused by any wrongful acts, omissions, or conduct of Defendants. Plaintiff, therefore, is barred from recovering any compensatory, general, consequential, or special damages from Defendants.

## TWENTIETH DEFENSE

**(Failure to Mitigate Damages)**

156.     Defendants are informed and believe, and on that basis state and allege, that should any loss, damage, or detriment have occurred as alleged in the Complaint, Plaintiff's damages should be reduced, in whole or in part, as a result of its failure to mitigate damages.

## TWENTY-FIRST DEFENSE

**(Privilege/Justification)**

157.     Defendants are informed and believe, and on that basis state and allege, that Plaintiff's claims are barred in whole or in part because Defendants actions were privileged or justified.

## TWENTY-SECOND DEFENSE

**(Independent Development and Acquisition)**

158.     Plaintiff's claims for misappropriation of trade secrets under Federal and Ohio law are barred as a result of Defendants' independent development or acquisition of any allegedly infringing materials or information.

## TWENTY-THIRD DEFENSE

**(No Punitive Damages)**

159.     Defendants are informed and believe, and on that basis state and allege, that Plaintiff is barred from recovering exemplary or punitive damages because the Complaint, and each purported claim asserted therein, fails to allege facts sufficient to allow an award of punitive or exemplary damages from Defendants. Among other things, the Complaint fails to allege facts sufficient to state a claim for which punitive damages are allowed. Moreover, an award of punitive damages requires clear and convincing evidence of fraud, oppression, or malice, which showing cannot be made by Plaintiff, and therefore, no basis for an award of punitive damages exists. Further, Plaintiff is barred from recovering exemplary or punitive damages because the imposition

of such damages violates due process under the United States Constitution.

## TWENTY-FOURTH DEFENSE

### (No Attorney's Fees)

160.    Defendants are informed and believe, and on that basis state and allege, that any conduct alleged by Plaintiff does not justify the recovery any attorneys' fees from Defendants.

## TWENTY-FIFTH DEFENSE

### (Frivolous Claims)

161.    Defendants are informed and believe, and on that basis state and allege, that claims asserted in the Complaint have always been and continue to be frivolous, unreasonable, and groundless, entitling Defendant to reasonable expenses and attorneys' fees pursuant to Federal Rules of Civil Procedure, Rule 11 and pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*. and Ohio's Uniform Trade Secrets Act, Ohio Rev. Code § 1331.61, *et seq*. for claims made in bad faith.

## TWENTY-SIXTH DEFENSE

### (Preemption)

162.    One or more of Plaintiff's claims are partially or wholly preempted by one or more of Plaintiff's other claims.


Defendants reserve the right to assert additional defenses if discovery or Defendants' investigation reveals grounds for the assertion of the additional defenses, including without limitation defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## <u>DEFENDANTS' PRAYER FOR RELIEF</u>

Wherefore, Defendants pray for judgment against Plaintiff as follows:

1.    That Plaintiff take nothing by way of the Complaint and that Plaintiff's Complaint be

dismissed;

2.    That Defendants be awarded costs and attorneys' fees; and

3.    For such other and further relief as the Court deems just and proper.

Dated: August 17, 2022          By:    /s/ Jeffrey M. Nye
                                          Jeffrey M. Nye (0082247)
                                          Joshua M. Smith (0092360)

                                          jmn@sspfirm.com
                                          jms@sspfirm.com
                                          Stagnaro, Saba & Patterson Co., L.P.A.
                                          7373 Beechmont Avenue
                                          Cincinnati, Ohio 45230
                                          Tel:    (513) 533-2700
                                          Fax:    (513) 533-2999

                                          James T. Ryan (*Pro Hac Vice*)
                                          jr@arllp.com
                                          ANNIGIAN RYAN LLP
                                          114 N. Indian Hill Blvd., Suite E
                                          Claremont, CA 91711
                                          Tel:    (909) 981-0475
                                          Fax:    (909) 981-0113

                                          Attorneys for Defendants

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing DEFENDANTS' ANSWER TO COMPLAINT was served on all counsel of record via CM/ECF on August 17, 2022.


/s/ Jeffrey M. Nye

_____

Jeffrey M. Nye (0082247)