UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mesa Industries, Inc.,

        Plaintiff(s),

    v.

Charter Industrial Supply, Inc., et al,

        Defendant(s).

Case No. 1:22-cv-160
District Judge Douglas R. Cole
Magistrate Judge _____

RULE 26(f) REPORT OF PARTIES
(to be filed not later than seven days prior to the preliminary pretrial conference)

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on October 6, 2022, and was attended by:

Gregory Robinson, counsel for plaintiff(s) Mesa Industries, Inc.,

_____, counsel for plaintiff(s) _____,

_____, counsel for plaintiff(s) _____,

Jeffrey Nye, counsel for defendant(s) Charter Industrial Supply, Inc., et al.,

Jim Ryan, counsel for defendant(s) Charter Industrial Supply, Inc., et al.,

_____, counsel for defendant(s) _____,

_____, counsel for defendant(s) _____,

2. The parties:

____ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

✔ will exchange such disclosures by November 17, 2022                                    .

____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

✔ do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only</u>, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings:

    November 10, 2022

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties:

    December 1, 2022

6. Recommended discovery plan:

    a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial:

        The liabilities of Defendants and damages to Plaintiff as a result of the alleged actions as well as Defendants' defenses.

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

The parties do not agree to any changes to the limigations,

but Plaintiff's counsel would like to discuss with the

Court how such limitations apply where there has been

previous, limited discovery for purpose of the PI hearing.

c. Additional recommended limitations on discovery:

The parties propose to conclude lay discovery by August

1, 2023, and exchange expert reports and conduct expert

depositions after lay discovery ends, as reflected

in sections 6(f)-(h) and 7 below.

d. Recommended date for the disclosure of lay witnesses:

Ninety Days before the close of discovery.

e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

Plaintiff has not retained any specific experts, though expects that

it may obtain an expert in the area of data forensics as well as

an expert in the petroleum tank industry. Defendants expect to

retain rebuttal experts.

3

f.  Recommended date for disclosure and report of Plaintiff(s) expert(s):
   September 15, 2023

g.  Recommended date for disclosure and report of Defendant(s) expert(s):
   October 16, 2023

h.  Recommended date for disclosure and report of rebuttal expert(s):
   November 17, 2023

i.  Discovery of Electronically Stored Information:  The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

   ✔  Yes

   ____ No

   i.  The parties have electronically stored information in the following formats:
      The formats as described in the Agreed Temporary Restraining Order and Agreed Injunction.

   ii. The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:
      The parties anticipate the needs to discovery of ESI and agree to meet and confer regarding procedures for obtaining such information.

4

    j. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

        ✔ Yes

        ____ No

      i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

        The parties have agreed to a protectdive order [Doc 22] covering these issues.

      ii. Have the parties agreed on a procedure to assert such claims **AFTER** production?

        ____ No

        ✔ Yes

        ____ Yes, and the parties ask that the Court include their agreement in an order.

7. Recommended discovery cut-off date: August 1, 2023

8. Recommended dispositive motion date: December 16, 2023

9. Recommended date for status conference (if any): None

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

    _____

    _____

    _____

11. Recommended date for a final pretrial conference: 60 days after decision on dispositive motion

5

12. Has a settlement demand been made? __No__

   A response? __No__

   Date by which a settlement demand can be made: __November 17, 2023__

   Date by which a response can be made: __December 16, 2023__

13. Other matters pertinent to the scheduling or management of this litigation:

   _____

   _____

   _____

Signatures:

Attorney(s) for Plaintiff(s):                    Attorney(s) for Defendants(s):

__Mark J. Chumley__                              __Jeffrey N. Nye__
Ohio Bar # __0067321__                           Ohio Bar # __0082247__
Trial Attorney for __Plaintiff__                 Trial Attorney for __Defendants__

__Gregory J. Robinson__                          __James T. Ryan__
Ohio Bar # __0091290__                           Ohio Bar # __Pro Hav Vice__
Trial Attorney for __Plaintiff__                 Trial Attorney for __Defendants__

                                                 __Josua M. Smith__
Ohio Bar # _____                                Ohio Bar # __009230__
Trial Attorney for _____                        Trial Attorney for __Defendants__

Ohio Bar # _____                                Ohio Bar # _____
Trial Attorney for _____                        Trial Attorney for _____

Ohio Bar # _____                                Ohio Bar # _____
Trial Attorney for _____                        Trial Attorney for _____

6